IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

      Plaintiff,

      vs.                               Case No. 14-10005-JTM

David G. Nicholas,

      Defendant.

MEMORANDUM AND ORDER

Defendant David G. Nicholas, Jr. is charged with six counts of being a felon in possession of a firearm or ammunition, in violation of 18 U.S.C. §§ 922 and 924. Although represented by counsel, Nicholas has presented several *pro se* pleadings to the court. First, he has submitted a "Verified Notice Affidavit" which, consistent with his earlier pleadings, presents a "RESERVATION OF MY RIGHTS," and demands a "specific NEGATIVE AVERTMENT" in response. (Dkt. 76). A separate Motion to Dismiss (Dkt. 74) filed by defendant presents the same argument. A "LETTER ROGATORY FOR RELIEF" (Dkt. 75) filed by Nicolas argues the court has no jurisdiction, citing various commercial law provisions.

These arguments are utterly frivolous, and are denied for the reasons stated in the

court's Order of January 29, 2015. (Dkt. 66).

The court is concerned that the defendant's repeated use of similar arguments may be an effort to simply further delay trial. The court cautions defendant against repeating arguments previously rejected by the court.

Additionally, the court has been informed of Nicholas's demand for access to a law library, based upon comments occurring at the hearing conducted February 5, 2015. The transcript of that hearing indicates only that Nicholas complained he had not been able to view a copy of the United States Sentencing Guidelines or have access to a law library. The court agreed only that Nicholas should be able to review the Guidelines.

The court reminds defendant that he is represented by counsel, now his third. Each of the counsel appointed for the defendant has been an experienced, zealous, and competent attorney. Out of considered deference to the defendant's interests, the court has appointed two replacement counsel, even though defendant has no substantial grounds for any complaint that the performance of counsel has caused him prejudice.

Because he is represented by counsel, the defendant's contact with the court should occur through counsel. *See United States v. Sandoval-DeLao*, 283 Fed. Appx. 621, 625 (10th Cir. 2008) (no error in refusal to consider *pro se* motion when defendant represented by counsel); *United States v. Castellon*, 218 Fed. Appx. 775, 780 (10th Cir. 2007) (if criminal defendant represented by counsel, court does not accept *pro se* filings or allegations); *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of representation"). Future *pro se* pleadings will be denied summarily by the court.

2

The defendant is not entitled to both appointed counsel and self-representation. The court is confident that defendant's counsel will consult with him as to the potential punishment which would follow if he is convicted at trial.

IT IS ACCORDINGLY ORDERED this 10th day of March, 2015, that defendant's *pro se* pleadings (Dkt. 74, 75, 76) are denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
