IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

                Plaintiff,

                vs.                      Case No. 14-10005-01-JTM

David G. Nicholas,

                Defendants.

MEMORANDUM AND ORDER

On October 3, 2013, federal and State of Kansas law enforcement officers apprehended David Nicholas, a fugitive from justice, as he and his girlfriend Kendra Henry attempted to flee the State of Kansas. Inside the pickup truck Nicholas was driving on the day of the arrest, officers discovered a .22 caliber Harrington and Richardson model 949 revolver, a 30-06 caliber Remington model 7600 rifle, and ammunition. The government charged Nicholas with six firearm offenses (18 U.S.C. § 922(g)(1), 924(a)(2)) reflecting his possession of the firearms and ammunition as a felon and as a fugitive. The same Indictment charged Kendra Henry with aiding and abetting the firearms possession.

Henry pled guilty and was sentenced to two years probation. (Dkt. 27, 38). Nicholas went to trial on the three felon-in-possession counts in the Indictment, and a jury convicted him on all counts. The matter is now before the court on Nicholas's Motion for New Trial, coupled with a request for evidentiary hearing. (Dkt. 126). The defendant's motion is premised on a post-trial

conversation he had from the jail with Kendra Henry, in which he alleges that Henry admitted to placing the firearms in the pickup truck. For the reasons provided herein, the defendant's motion is hereby denied.[1]

A new trial may be granted if, after trial, counsel discovers material evidence which is not merely impeaching or cumulative, but which would result in probable acquittal in the event of a retrial, and the evidence was not formerly discoverable with due diligence. *United States v. Quintanilla*, 193 F.3d 1139, 1147 (10th Cir. 1999). Given the preference for resolution of trials by juries, courts regard motions for new trial with disfavor and grant them only with great caution. *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997).

The evidence at trial establishs that at the time of the arrest, Nicholas knew he was being sought by law enforcement, and was attempting to leave Kansas for Oklahoma. He and Henry loaded Henry's pickup truck with various possessions, and stopped at a produce store on the way out of the state, where the arrest occurred. Henry's two minor children were also in the truck at the time of the arrest.

The focus of the trial was on Nicholas's knowledge that the guns and ammunition were in the truck. As noted in the court's Order denying Nicholas's pretrial motion to suppress, the rifle was in plain view on a rear passenger floorboard of the extended cab pickup truck.[2] The evidence at trial

---

[1] On October 30, 2015, the court granted Nicholas's motion to subpoena any information from the jail which would document these conversations. (Dkt. 134). To date, defendant has not supplied any of the documentation to the court. More importantly, for the reasons provided herein, even if the post-trial statements occurred, they do not meet the standard for the relief Nicholas seeks.

[2] See Dkt. 97, at 4 ("the court finds the testimony of Special Agent Richardson to be consistent and credible" and that "[t]he rifle was in plain view at the feet of the children, and the evidence was properly seized").

as to the location of the rifle was the same.

At trial, Henry testified that she was the owner of the firearms and ammunition, and claimed that it was her — and not the defendant — who loaded the pickup truck on the morning of the arrest. She testified emphatically that Nicholas did not pack the truck.

In his motion, Nicholas now states that, in a jailhouse telephone call after the trial, Henry told him that the firearm and ammunition had come from a man named "Steve," that she had "traded" Nicholas for Steve, and that she or Steve placed the firearms and ammunition in the pickup truck.

The court finds no basis for granting the relief sought. As evidence of a post-trial exculpatory conversation between the defendant and his girlfriend Henry, the alleged jail house conversation is inherently suspect. The new information warrants neither a new trial nor an evidentiary hearing, since the evidence fails two prongs of the controlling standard:  the evidence is merely impeaching and cumulative of other evidence; and because the evidence likely would not produce an acquittal if a new trial occurred. *See United States v. Orr*, 692 F.3d 1079, 1099 (10th Cir. 1992).

The alleged conversation is cumulative, because Henry already tried to shift the responsibility for the firearms away from Nicholas during the trial. She testified that Nicholas did not know about the presence of the firearms and ammunition in the pickup truck, and that she had placed them there. The claimed new evidence simply seeks to bolster this story, by naming a new culprit, "Steve."

Moreover, this "evidence" would not result in a probable acquittal. As noted above, the jury found Nicholas guilty based in part on location of the firearm and ammunition, as well as a handgun holster found in the pickup truck. The rifle was in plain view on the rear floorboard of the truck,

while the holster was located under Nicholas's seat on the driver side of the truck.

The jury considered and rejected Henry's trial testimony. Henry was a co-defendant, and Nicholas' girlfriend. She maintained that relationship after his arrest. Henry knew that Nicholas was a fugitive, knew that law enforcement was actively seeking to arrest him, and was attempting to help him flee. Further, Henry, by her own admission, was aware of the firearms in the truck, and had placed her own children in jeopardy, taking them with her and Nicholas as they were leaving for Oklahoma.

But her relationship with Nicholas was not the only stain on her credibility. Her story— that it was somehow a family tradition to carry firearms in a vehicle — was inherently suspect. The government's cross examination established that Henry did not know how to load the rifle, and did not know when the holster was purchased.

Aside from Henry's dubious testimony, there was ample evidence to support the conviction. The government introduced testimony of other jailhouse conversations, which took place before the trial, in which Nicholas himself *essentially acknowledged knowing the firearms were in  the truck*.

In a new trial, this "new evidence" likely would be viewed as an eleventh hour contrivance, an attempt to concoct another defense for Nicholas. The evidence the defendant now seeks to raise provides at best an *additional* reason to disbelieve Kendra Henry's testimony. Given all the other

evidence in the case, and Henry's lack of credibility, this new "evidence" likely would not yield an acquittal in the event of a retrial.

IT IS ACCORDINGLY ORDERED this 5th day of January, 2016, that the defendant's Motion for New Trial (Dkt. 126) is hereby denied.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE