IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                                    Case No. 14-10005-01-JTM

David G. Nicholas, Jr.,

    Defendant.


MEMORANDUM AND ORDER


The jury convicted defendant David Nicholas of three counts of being a felon in possession in firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1). The matter now comes before the court on the defendant's objections to the Presentence Report (PSR), which applies a Chapter Four enhancement and Base Offense Level of 24. The Report finds that Nicholas has committed three prior crimes of violence — a felony assault in 1988 in Montana, robbery in Kansas in 1999, and aggravated robbery in Kansas in 2003 — and recommends application of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2) and USSG § 2K2.1(a)(2). Nicholas presents five objections to the PSR: (1) the PSR erroneously determines that he was convicted under the ACCA; (2) the PSR erred in including certain facts in its narrative of his criminal history; (3) the ACCA does not

apply; (4) information contained in the PSR is inaccurate or incomplete; and (5) the Base Offense Level should not include reference to his prior convictions. The court finds no merit to the defendant's arguments and overrules the objections.

The defendant's first argument is precluded by the decision of the United States Supreme Court in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held that the fact of a prior conviction need not be submitted to a jury and proved beyond a reasonable doubt. The PSR correctly cites § 924(e)(1) of the ACCA as the penalty statute governing the defendant's conviction.

The defendant's second objection is overruled. The cited facts simply reflect part of the underlying offense itself, or generally reflect on Nicholas's knowledge of firearms and knowledge of and participation in illegal conduct. The facts presented in the PSR are fully supported by the reports of law enforcement officers, the testimony at trial, and earlier testimony during the suppression hearing.

Citing *Johnson v. United States*, 559 U.S. 133, 138 (2015), Nicholas argues that his earlier convictions for felony assault, robbery, and aggravated robbery are not "violent felonies" under the ACCA.

First, he argues the Montana felony assault statute does not require the actual use of "violent force" as defined by *Johnson*, and claims that the statute could be satisfied "by poisoning, laying a trap, setting a spring trap, exposing someone to hazardous chemicals or even placing a thumbtack on a chair." (Dkt. 142, at 8). *See also United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005).

The ACCA defines as a "violent felony" any felony by an adult which "has as an

element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(I). In determining whether a specific statute meets this standard, the courts use a categorical approach, which looks "only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction." *James v. United States*, 550 U.S. 192, 202 (2007) (internal quotations and citations omitted). *See United States v. Ford*, 613 F.3d 1263, 1270 (10th Cir. 2010). That is, the court will "'consider whether the *elements of the offense* are of the type that would justify its inclusion' within the ACCA, 'without inquiring into the specific conduct of this particular offender.'" *United States v. West*, 550 F.3d 952, 957 (10th Cir.2008) (quoting *James*, 550 U.S. at 202) (emphasis in *James*). However, if the underlying statute encompasses behavior beyond the "violent felony" of the ACCA, the court applies a modified categorical approach, under which the court may examine documents from the earlier case to determine whether the offense qualifies under the ACCA. *United States v. Ford*, 613 F.3d 1263, 1270 (10th Cir. 2010).

Nicholas was convicted of a violating MCA 45-5-202(2)(a), which defined "Aggravated assault — felony assault" under Montana law:

(1)  A person commits the offense of aggravated assault if he purposely or knowingly causes serious bodily injury to another.

(2)  A person commits the offense of felony assault if he purposely or knowingly causes:

(a) bodily injury to another with a weapon;

(b) reasonable apprehension of serious bodily injury in another by use of a

weapon; or

    (c)   bodily injury to a peace officer or a person who is responsible for the care or custody of a prisoner.

(3)   A person convicted of aggravated assault shall be imprisoned in the state prison for a term of not less than 2 years or more than 20 years and may be fined not more than $50,000, except as provided in 46-18-222. A person convicted of felony assault shall be imprisoned in the state prison for a term not to exceed 10 years or be fined not more than $50,000, or both.

This statute defines a "violent felony" within the meaning of the ACCA. The statute requires either the actual use of physical force against another person, or the use of weapon resulting in "reasonable apprehension of serious bodily harm." The statute thus proscribes conduct involving "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). *See United States v. Ramon Silva*, 608 F.3d 663, 670-71 (10th Cir. 2010) ("Threatening or engaging in menacing conduct toward a victim, with a weapon capable of producing death or great bodily harm, threatens the use of 'violent force' because by committing such an act, the aggressor communicates to his victim that he will potentially use 'violent force' against the victim in the near-future. Additionally, 'apprehension causing' aggravated assault threatens the use of 'violent force' because the proscribed conduct always has the potential to lead to 'violent force.'"). *See United States v. Ellis-Garcia*, 357 Fed.Appx. 569, 2009 WL 4885128 (5th Cir. 2009) (concluding that "[t]he Montana offense of felony assault under former Montana Code Section 45-5-202(2)(a) qualified as an enumerated offense under the crime of violence enhancement of Section 2L1.2(b)(1)(A)").

Further, even if the text of the Montana statute itself does not establish the existence of a crime of violence, the court finds that the conviction itself meets this requirement. Where the underlying "the statute is ambiguous, or broad enough to encompass both violent and nonviolent crimes, a court can look beyond the statute 'to certain records of the prior proceeding, such as the charging documents, the judgment, any plea thereto, and findings by the [sentencing] court.' " *United States v. Dwyer*, 245 F.3d 1168, 1171 (10th Cir.2001) (quoting *United States v. Zamora*, 222 F.3d 756, 764 (10th Cir.2000)).

*Perez-Vargas*, cited by the defendant, is distinguishable. First, the Colorado third degree assault statute involved in that case was very broad, applying to an action causing bodily injury to another, even if it was done "recklessly" or "with criminal negligence." And the court in that case was constrained to only examine the text of the statute under a categorical approach, with the court stressing that "[u]nfortunately, we do not have in the record on appeal the 'court documents' relied on by the PSR. We thus cannot evaluate whether the records would be acceptable under the strictures of Supreme Court precedent." 414 F.3d at 1285.

Here, even assuming that the Montana statute itself did not support application of the ACCA, the court finds that applying the ACCA is warranted under a modified categorical approach. Specifically, the "JUDGMENT AND SENTENCE" entered by the Montana court makes clear that Nicholas pled guilty to and was convicted of "Section 45-5-202(2)(a)" — the portion of the statute requiring the knowing use of a weapon to cause bodily injury to another. (Dkt. 121-1, Exh. 2).

5

The defendant argues the 1999 Kansas robbery was not a crime of violence because the relevant statute, K.S.A. 21-3426(a) is broader than the ACCA, because the statute does not require force which is capable of causing pain or injury, and does not require any resulting serious bodily injury. Citing two decisions of the Kansas Supreme Court, Nicholas contends that state law requires a very minimal level of "force" to constitute a robbery. *See State v. Long*, 234 Kan. 580 (1984); *State v. McKinney*, 265 Kan. 104 (1998). According to the defendant, under Kansas law a robbery may occur even where the "force" is simply "physical contact." *See State v. Hendrix*, 289 Kan. 859, 862 (2009); *State v. Graham*, 27 Kan.App.2d 603, 605 (2000).[1]

The court overrules the objection. Under Kansas law, robbery is "the taking of property from the person or presence of another by force or by threat of bodily harm to any person." K.S.A. 21-3426. The ACCA, as noted earlier, defines a "violent felony" as a crime having as an element "the use, attempted use, or threatened use of physical force against the person of another." The Kansas robbery statute meets this requirement.

The court finds that defendant's objection misconstrues Kansas law relating to the statute. First, neither *Long* nor *McKinney* support defendant's argument. The defendant in *Long* did not challenge the sufficiency of the evidence as to the use of force. *See* 234 Kan. at 593 ("[t]his is not a situation where defendant denies using force or threat of bodily harm").

---

[1] The defendant also argues that the Kansas statue fails to meet the definition of a crime of robbery, because it could be a non-qualifying felony under 18 U.S.C. § 3559(c)(3), but this statute provides for a separate, life imprisonment sentencing enhancement. The statute has no application to the defendant, whose sentence was enhance under the ACCA.

In *McKinney*, the court upheld refusal of the trial court to instruct the jury on simple theft, which defendant sought based on his assertion that he had indeed snatched a victim's purse, but denied her allegation that he had pushed her. The court explicitly found "correct" the argument of the State that "snatching the purse away ... constituted *the threat of bodily harm*, which is an element of robbery." 265 Kan. at 113 (emphasis added).

The other cases cited by defendant also fail to support his argument. In *Hendrix*, the supreme court did not address the level of force required for a robbery conviction under state law, but the right to a self-defense instruction under K.S.A. 21-3211. The court held that such an instruction was not necessary, because the self-defense statute was inapplicable where the defendant was charged with crimes of criminal threat and aggravated assault.

Finally, the court rejects the defendant's 's claim that under *Graham* any "physical contact" with another may be sufficient to constitute the force element of robbery. *Graham* in fact contrasted simple theft from robbery "where the thief has used *force* to gain possession of the property." 27 Kan.App.3d at 931 (emphasis added). The court's summation of the evidence, involving a string of convenience store robberies, clearly belies the defendant's construction of the case..

Here, Graham's conduct is analogous to that addressed in *McKinney*. The three convenience store clerks testified that Graham pushed them. The clerk in the first robbery testified that Graham pushed her arm away from the register. Moreover, this clerk suffered an injury to her finger when she and Graham struggled. The clerk in the second robbery testified that he was pushed when Graham lunged toward the cash drawer. The videotape of this incident shows Graham suddenly jumping onto the counter, lunging toward

the clerk with an outstretched arm, and pushing the clerk away from the register. The clerk in the third robbery also testified that Graham pushed him. The video surveillance tape shows Graham lunging over the counter and locking hands with the clerk, before reaching into the cash drawer.

It cannot be said that Graham gained peaceable possession of the money from the cash drawers. In each of the incidents, Graham abruptly lunged toward the clerks and the cash drawers, made physical contact with the clerks, and contemporaneously removed money from the register. We find that in each of these incidents Graham effectuated the takings through use of force.

*Id.*

In sum, the court finds no merit to the defendant's argument that robbery under Kansas law is not a crime of violence for purposes of the ACCA. The Kansas statute proscribes generic robbery, and violation of the statue reflects a violent felony for purposes of the ACCA. *See United States v. Walker*, 595 F.3d 441, 446 (2nd Cir. 2010) (reviewing South Carolina robbery statute prohibiting the taking of property of another "by violence or by putting such person in fear," and concluding that threats of harm "are the hallmarks of generic robbery," and '[i]ndeed, all fifty states define robbery, essentially, as the taking of property from another person or from the immediate presence of another person by force *or* by intimidation") (emphasis in *Walker*).

The Tenth Circuit has reached a similar conclusion in *United States v. Castillo*, 2015 WL 8787441, *3 (10th Cir. Dec. 15, 2015), which addressed a Colorado statute defining robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Applying a categorical approached, the Tenth Circuit determined that the

defendant's conviction was a violent felony, whether it was characterized as generic robbery or generic extortion. "[T]he threat of injury to a person in the course of unlawfully depriving another of property satisfies the generic definition of robbery." *Id*. at *3. The Kansas robbery statute reflects a similar prohibition of the crime of generic robbery, and Nicholas's 1999 conviction is thus a violent felony for purposes of the ACCA.

The same result holds for the defendant's argument that the 2003 aggravated robbery, a violation of K.S.A. 21-5420(b), was not a violent felony. The statute defines aggravated robbery under Kansas law as "*a robbery defined in subsection (a)* when committed by a person who: (1) is armed with a dangerous weapon; or (2) inflicts bodily harm upon any person in the course of such robbery." (Emphasis added). Thus by its explicit terms, the statute incorporates the elements of basic robbery. As noted earlier, basic robbery under Kansas law is a violent felony for purposes of the ACCA.

The court overrules the defendant's fourth objection, finding information contained in the mental health section of the PSR accurately reflects a Kansas Department of Corrections evaluation of the defendant in June, 2004, and a 2013 Wesley Medical Center report on the hospitalization of the defendant with an accompanying mental evaluation. The information is appropriately included in the defendant's mental health history. The court finds no basis for the objection.

Finally, Nicholas argues that his Base Offense Level should be 14, and that his earlier convictions were not "crimes of violence" within the meaning of USSG § 2K2.1(a)(2). This objection "incorporates the same arguments" Nicholas made with respect to the ACCA.

(Dkt. 142, at 17). As the defendant acknowledges (Dkt. 142, at 19), the definition of a "crime of violence" under the Sentencing Guidelines is "almost identical" to the ACCA's definition of a "violent felony." *See United States v. Charles*, 576 F.3d 1060, 1068 n. 2 (10th Cir. 2009). As noted earlier, the court rejects the defendant's arguments with respect to the ACCA, and finds that the underlying convictions for felony assault, robbery, and aggravated robbery reflect crimes of violence for purposes of the Sentencing Guidelines.

In summary, the court finds no basis for any of the objections offered by the defendant, and all objections are accordingly overruled.

IT IS SO ORDERED this 25th day of January, 2016.


s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE